COBB, J.
Ellis appeals an order by the circuit court denying his motion to vacate a final injunction entered against him in 1999 prohibiting his contact with the minor appel-lee. The motion contended the circuit court lacked subject matter jurisdiction based upon section 784.046, Florida Statutes, which provides for injunctive relief in cases of repeat violence, which is defined as “any assault, battery, sexual battery, or stalking by a person against any other person.” See § 784.046(l)(a), Fla. Stat. (1999).
The 1999 injunction was entered pursuant to a stipulation of the parties. At that hearing Ellis was represented by counsel. That stipulation, contrary to the present argument of Ellis, waived an evi-dentiary hearing in respect to the Petition for Injunction for Protection Against Repeat Violence filed in December, 1999, which alleged repeated incidents of stalking by Ellis in respect to the minor victim involving trespass and various threats to the welfare of the minor’s family.
The argument now presented by Ellis fails to recognize that the term “repeat violence” in subsection 784.046(l)(a) specifically encompasses stalking as well as overt acts of physical violence. Indeed, Florida Statute 784.048(5) provides: “Any person who willfully, maliciously and repeatedly follows or harasses a minor under 16 years of age commits the offense of aggravated stalking, a felony of the third degree.”
The trial court had jurisdiction and a stipulated basis upon which to enter the injunction against Ellis in 1999 in an effort to curtail the stalking of the 13-year old minor. The motion to dissolve that injunction was properly denied.
AFFIRMED.
THOMPSON, C.J., and ORFINGER, R.B., J., concur.